In the Matter of PHILIP F. TAURISANO, Doing Business as THE DIAMOND HORSESHOE, Petitioner, against STATE LIQUOR AUTHORITY, Respondent.

Supreme Court, Special Term, Albany County, February 17, 1954.

*Frank G. Pratt* for petitioner.

*Alvin McK. Sylvester* and *William C. Phelan* for respondent.

BOOKSTEIN, J.  Respondent has denied petitioner's application for a restaurant liquor license on the grounds that " the prior record for law observance of the applicant is such that the issuance of a new license would create a high degree of risk in the administration and enforcement of the Alcoholic Beverage Control Law in that applicant was arrested and convicted during February 1943 to a term of two years minimum, five years maximum, and execution of said sentence suspended ".

This denial, on the grounds thus asserted, was in the face of a certificate of good conduct issued by the State of New York, Executive Department, Division of Parole, *for the purpose only* " *to end disability under Section one hundred twenty-six (126) of the Alcoholic Beverage Control Law* ".  (Italics supplied.)

Moreover, the application of petitioner was supported by the person who was acting District Attorney when petitioner was convicted; by the police officer who investigated the affair out of which petitioner's conviction resulted; by the Sheriff of

Oneida County; by petitioner's employer for seventeen years; by his minister; by numerous persons whom he served during his employment; and by the chief probation officer of Oneida County and was approved by the Alcoholic Beverage Control Board of Oneida County.

Courts are loath to interfere with the action of a licensing agency of the State. Indeed, the law does not permit such interference unless the action of such agency is such that no reasonable man can agree with its determination, and, hence, is arbitrary or capricious.

This court cannot agree with the determination of respondent. That fact is not a sufficient basis for reversing its determination. This court is, however, of the opinion that no reasonable man can agree with the determination, and that, hence, it is arbitrary and capricious.

The only ground on which respondent has made its conclusion and refused the application is the prior conviction, with respect to which another competent State agency has issued a certificate of good conduct for the express purpose of removing as an impediment to the granting of the license, the very conviction which is the ground asserted by respondent for its conclusion and its denial of petitioner's application.

An examination of the whole record demonstrates the justification of the Division of Parole in issuing the certificate.

This court is satisfied that petitioner might well have been acquitted if he had not entered a plea of guilty to the crime of which he was convicted. The suspension of sentence by the court is a strong indication that circumstances under which petitioner found himself enmeshed in the criminal law were such as were highly extenuating. The recommendation of the prosecuting officer, too, fortifies such a conclusion.

Moreover, what is the value of our system of rehabilitation if the applicant is to suffer the result here attacked? The State itself encourages private employers to assist in the rehabilitation of persons released on parole, by employing them. Are private employers to refuse employment to such men, once they have been convicted of crime, regardless of the circumstances of the crime and conviction and regardless of a flawless record before and after such conviction? It is true that the sale of alcoholic beverages is a licensed business and, hence, petitioner is not entitled to a license, as a matter of right. The basis of denial, however, is neither reasonable nor realistic. No one can absolutely guarantee the future conduct of any individual, whether a licensee or not. Many licenses are granted

to people who have no record of conviction of crime on the reasonable assumption that the licensee will conduct himself and his premises, in the future, in a lawful manner. Yet, many licenses are revoked, because the future, as projected by the past and the present, has failed to coincide with the present and the past. So far as the future is concerned, the petitioner's past and present are not such as to justify the conclusion, in the mind of any reasonable man, that the " issuance of a new license " to petitioner " would create a high degree of risk in the administration and enforcement of the Alcoholic Beverage Control Law ". This court is constrained to find that the action of respondent was, in the legal sense, arbitrary and capricious.

The determination of respondent is annulled and it is directed to issue to petitioner the license applied for.

Submit order.